# THE JOHN DILLON.

## STARIN v. THE JOHN DILLON.

*(District Court, D. New Jersey. June 11, 1891.)*

MARITIME LIENS—ENFORCEMENT—LACHES.

A maritime lien for repairs, based on a running account extending over nearly four years, during the whole of which time the account was largely reduced by payments made with considerable regularity, the last within a week before the libel to enforce the lien was filed, is not barred by laches, though the last repairs were made nearly a year before the filing of the libel; and the claim of the libelant should not be postponed to those of other lienors, who made repairs and furnished supplies to the vessel while the payments to libelant were being made.

In Admiralty.

*Otto Crouse,* for libelant.

*Alexander & Ash,* for lienors.

GREEN, J. The only question presented upon this argument for consideration was whether any part of the claim of the libelant should be allowed. The Dillon has been sold under a decree of this court, producing the sum of $1,125. After deducting the costs and expenses as taxed, and a preferred claim for seamen's wages, there remain in the registry of the court for distribution about $500. The claims which have been duly presented aggregate $2,062.01; the claim of the libelant being $600.50. If this claim is allowed, the lienors will receive about 25 per cent. of their claims; if disallowed, the percentage of dividend will be much larger. It is insisted by the other lienors that the claim of the libelant should be postponed to their claims, for the reason that it is stale, and that their claims should be preferred because of the laches of the libelant in not more promptly enforcing his lien. The Dillon is a steam propeller, engaged in towing in and about the harbor of New York. It is admitted that she is a domestic vessel. The claims of the lienors other than the libelant were all incurred between the 10th of January, 1890, and the 20th of September, 1890, and are for repairs or supplies. The libelant's claim is of very much longer standing. The first item is for repairs made on the 3d of September, 1887, and the last charge was on October 31, 1889. The whole account during that period, as rendered, amounted to $1,807.29, upon which indebtedness, however, payments have been made with considerable regularity at various times, amounting to $1,206.79; reducing the claim to $600.50. The last payment was made on September 12, 1890. The libel was filed September 18, 1890, within a week after the last payment on account, but more than 11 months after the last repairs were made upon the propeller by the libelant. These circumstances, the lienors insist, justify their claim for preference in payment, as they show clearly such delay by the libelant in enforcing his lien as to charge him with gross negligence, and of necessity deprive him of his right to participate in the di-

vision of the proceeds of the sale of the Dillon, to their pecuniary hurt. As from their very nature, as well as by operation of law, liens of the character of the libelant's are secret incumbrances, and are unknown to those who subsequently become creditors of the ship, and who look primarily to the ship for the payment of their claims, it is clear that honesty and fair dealing require prompt action in their enforcement; otherwise, innocent creditors might suffer from the laches of the others.    It has therefore been uniformly held by courts of admiralty that, if reasonable opportunity exists for the enforcement of such liens, and such opportunity be suffered to pass without action on the part of the lienor, such failure to act will be regarded as an abandonment of the right to enforce the lien *in rem*.    Such laches taints the claim of the negligent lienor with staleness, and will cause its postponement to the claims of more diligent creditors.    But it is equally well settled that no inflexible rule can be used to measure the time by lapse of which without action a claim may fairly be adjudged to be stale.    Indeed, whether a particular claim shall be considered stale depends not so much upon the lapse of time, as upon the circumstances which have caused the non-enforcement of the lien.    The laches capable of destroying the priority of a lien must be born of unreasonable and inexcusable neglect.    It is apparent, therefore, that every case must be determined by its own circumstances, and not by the criterion of a fixed principle.

Considering the case at bar in this view, the claim of the libelant cannot fairly be declared to be so stale as to lose its position among the other liens.    This claim was based upon a running account, extending over nearly four years.    During the whole of this time, the account was largely reduced by payments made with considerable regularity.    In fact, payments upon account were continued for months after the date of the last charge, and up to a date less than a week previous to the filing of the libel.    It was while these payments were being made that the indebtedness to the other lienors was incurred.    The effect of these payments was to increase the value of the propeller as a security to them. They gained rather than lost by such delay as may be chargeable against the libelant.    When payments ceased, the libel was promptly filed.    If these payments be applied to the earlier items of the libelant's account, those remaining unpaid will have been incurred within a period less than one year previous to the filing of the libel.    These items are for repairs done at very short intervals, and separately amount to small sums.    The first libel filed against the propeller was that of the libelant.    He was the earliest to move against her.    The claims of many of the other lienors are nearly as long standing as this.

Under these circumstances, it would be unjust to postpone the claim of the libelant because of alleged staleness.    While liens should be promptly enforced, the spirit of this rule does not require resort to courts for the collection of every item in a running account immediately upon the incurring of the indebtedness.

Let the usual order for distribution be entered.